■ In the Matter of the Estate of JAMES FELT, Deceased. ROSALIND TOBIAS, Respondent-Appellant; IRVING M. FELT et al., Respondents, and JOHN J. SWEENEY, as Guardian ad Litem, et al., Respondents.—Decree of the Surrogate's Court, New York County, entered April 16, 1975, dismissing the respondent-appellant's objections to the executors' account, unanimously affirmed, without costs and without disbursements. The narrow issue on this appeal is whether the court should vacate respondent-appellant's default and remand the matter so as to afford respondent an opportunity once again to seek discovery and to examine the executors with respect to possible additional assets of the estate. The explanation given by the respondent-appellant is insufficient to warrant vacating the default. Further, at all times the Attorney-General of the State of New York, who had filed objections based on the contentions of the respondent-appellant, was available to pursue her contentions but she failed to provide him with sufficient data to enable him to do so. Concur—Stevens, P. J., Kupferman, Silverman and Capozzoli, JJ.

■ SUSAN M. KALLIMANIS, Respondent, v JOHN KALLIMANIS, Also Known as JOHN KALLUM, Appellant.—Judgment, Supreme Court, New York County, rendered on August 1, 1975, after a nonjury trial, unanimously affirmed, with $60 costs and with disbursements to respondent. There is ample evidence in the record to support the trial court's findings of fact and conclusions of law. A reading of the transcript of the minutes does not bear out appellant's claim that he was denied a fair trial because of plaintiff's counsel's allegedly persistent improper questions or that the court committed any prejudicial error. Concur—Stevens, P. J., Kupferman, Birns, Lane and Yesawich, JJ.